IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL NO. 92-200 |
| § | |
| JOSE VASQUEZ SANCHEZ, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Defendant Jose Vasquez Sanchez has moved under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the criminal judgment and sentence entered in this case in 1993. He asserts that he was sentenced based on misinformation as to his health condition.

Rule 60(b) does not apply in a federal criminal action. *Compare* Fed.R.Civ.P. 1 (stating that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature") *with* Fed.R.Crim.P. 1 (stating that "[t]hese rules govern the procedure in all criminal proceedings in the courts of the United States"); *see also, United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999) (holding that Rule 60(b) "simply does not provide for relief from a judgment in a criminal case"). Sanchez's reliance upon Rule 60(b) to amend the criminal judgment appears misplaced.

A federal court may treat a purported Rule 60(b) motion as a motion to vacate filed under 28 U.S.C. § 2255. See *United States v. Rich*, 141 F.3d 550, 551 (5th Cir.1998). Sanchez's Rule 60(b) motion essentially seeks to correct and modify his current sentence in

light of additional information as to his medical condition. Sanchez asserts that when he was sentenced in 1993, the judge stated that Sanchez was in good health despite having only one kidney. Sanchez asserts that 90 days after his sentencing, he lost the remaining kidney and has been on dialysis since then. Sanchez asserts that he is unlikely to receive a transplant and that his sentence should be modified as a result.

Based on the information in the present motion, however, Sanchez would be barred from moving under § 2255 by the one-year limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitations for a petitioner to file a petition under § 2255:

> The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The one-year limitations period became effective on April 24, 1996 and applies to all federal habeas corpus petitions filed on or after that date. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). For movants whose claim would have been barred immediately when AEDPA became effective, there is a one-year period after AEDPA's effective date to file a motion under 28 U.S.C. § 2255. *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *United States v. Flores,* 135 F.3d 1000 (5th Cir. 1998).

Sanchez is challenging a conviction entered before the AEDPA's effective date. He had until April 24, 1997, one year after AEDPA became law, to file this claim. Sanchez's own pleading establishes that he knew of the change in his health circumstances approximately three months after his 1993 sentencing. Yet he did not file this motion until July 14, 2006. It would be barred by the AEDPA one-year statute of limitations.

Sanchez's motion to set aside judgment is denied. Construed as a motion to correct or modify the sentence, it is denied as barred by limitations.

SIGNED on November 8, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge